IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE

| | |
|---|---|
| BEATRIZ RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Civil No. 16-4706 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff Beatriz Rodriguez (the "Plaintiff") from a denial of social security disability benefits on July 18, 2014 which was upheld by the Appeals Council on June 10, 2016. [Record of Proceedings, "R.P.", p. 1-8]

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

I. **STANDARD OF REVIEW**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g),

1

1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy,

2

regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). In Plummer, 186 F.3d at 428, the Third Circuit described the Commissioner's inquiry at each step of this analysis:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).
>
> In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that [his] impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step.

> At this [fifth] stage, the burden of production shifts
> to the Commissioner, who must demonstrate the claimant
> is capable of performing other available work in order
> to deny a claim of disability. 20 C.F.R. § 404.1520(f).
> The ALJ must show there are other jobs existing in
> significant numbers in the national economy which the
> claimant can perform, consistent with her medical
> impairments, age, education, past work experience, and
> residual functional capacity. The ALJ must analyze the
> cumulative effect of all the claimant's impairments in
> determining whether she is capable of performing work
> and is not disabled. See 20 C.F.R. § 404.1523. The ALJ
> will often seek the assistance of a vocational expert at
> this fifth step. See Podedworny v. Harris, 745 F.2d 210,
> 218 (3d Cir. 1984).

## II. FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff was born in 1962, and was 47 years old on the date of injury onset. [R.P., p. 43] She was 52 years old on the date of the ALJ's disability determination. [Id., p. 44]

At the telephonic disability hearing held on June 10, 2014, the ALJ heard testimony from two witnesses: Plaintiff, with the assistance of an interpreter[1], and the Vocational Expert.

### A. Plaintiff's impairments

At the disability hearing, Plaintiff testified that she suffers from a combination of disabilities that prevent her from working. [R.P., p. 56] Specifically, she described chronic

---

[1] The hearing transcript is not clear whether the interpreter was in the same location as Plaintiff, or was translating over the telephone, from another location.

problems with her right arm, her right knee, and her back. [Id., p. 56-57] She also testified that she suffers from depression. [Id., p. 57]

With regard to her right arm, Plaintiff testified that she could not fully extend her arm such that her arm "freezes at an angle that makes it so [she] can't use it." [R.P., p. 56, 59] Plaintiff also stated that "sometimes" she experiences "tingling" and "pain" "running from [her] elbow to [her] shoulder." [Id., p. 59] She testified that "the most that [she] can lift and carry" is "five or six pounds." [Id., p. 64]

As to her right knee, Plaintiff testified the "swelling" "prevents walking" [R.P., p. 59], and in cold weather she uses a cane to walk. [Id., p. 62] Plaintiff described "difficulty" climbing stairs; she must move slowly and "use the wall." [Id., p. 63-64]

With regard to her back, Plaintiff testified that she experiences "pain" and "soreness" [R.P., p. 56, 64]; that she cannot sit or stand "for too long" "without feeling pain or discomfort." [Id., p. 64]

Lastly, as to Plaintiff's depression, she testified that she had "suffered tragedies" in the past, including a severe sexual assault at the age of 15 [R.P., p. 58], and "the death of two of [her] nephews in 2013." [Id., p. 65] Plaintiff testified that she was receiving talk therapy for her depression, and had

5

collected short-term disability for depression in 2009. [Id., p. 65]

Plaintiff's medical records document each of these ailments. Most of those medical records are discussed in the ALJ's decision [see R.P., p. 41-42], and need not be repeated here.

**B.      Vocational Expert's Testimony**

The Vocational Expert testified that Plaintiff's previous job of cashier is classified as a light job. [R.P., p. 66] Beyond this, however, neither the lawyers appearing in this appeal[2], nor the Court, can discern the remainder of the Vocational Expert's testimony. Four of the six substantive questions the ALJ asked of the expert are recorded as "[INAUDIBLE]" on the transcript of the telephonic hearing. [Id., p. 66-67][3]

**III.   ALJ'S DETERMINATION**

---

[2] A different lawyer represented Plaintiff before the ALJ.

[3] In addition to audibility challenges that may arise when disability hearings are conducted telephonically, the lack of any visual information presents other problems. Observing a testifying witness's physical appearance and demeanor would seem to be crucial information for any factfinder who must evaluate a witness' credibility-- particularly when a witness's testimony concerns his or her physical health and associated symptoms, such as pain. While the instant appeal does not turn on any credibility determination the ALJ made, if it did, the Court would consider this lack of visual information in weighing such determination.

The ALJ concluded that "the claimant has not been under a disability within the meaning of the Social Security Act from December 26, 2009 through the date of this decision." [R.P., p. 36] Relevant to the issues presented on appeal, the ALJ held that "claimant has the following severe impairments: depressive disorder, right shoulder tendinitis, and arthritis of the knees." [Id., p. 38] However, the ALJ also found "that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.976(c), characterized by an ability to sit, stand, and walk up to six hours in an eight-hour day and lift/carry up to 50 pounds occasionally, limited to simple routine tasks, with frequent contact with supervisors, co-workers and the general public." [Id., p. 40]

Relying on the Vocational Expert's testimony, the ALJ also found that "[t]he claimant is unable to perform any past relevant work," which past work, the Vocational Expert testified, "require[d] a light level of exertion." [R.P., p. 43; see also R.P., p. 66]

## IV. **ANALYSIS**

Plaintiff argues that the ALJ's determination that she has the ability to perform medium work-- the ability to sit, stand, and walk up to six hours in an eight-hour day and lift/carry up to 50 pounds occasionally-- is not supported by substantial

7

evidence.  Plaintiff correctly states, "'[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 CFR 404.1567(c).  These types of positions include loading logs onto trucks (Log Load Helper, DOT 921.687-022), handling baggage at airports (Porter, DOT 357.677-010), and shoveling scrap metal into furnaces (Remelter, DOT 502.685-014)." [Pl's Brief, Dkt. No. 8, p. 18]

Plaintiff observes however, and this Court agrees, that the ALJ's finding in this regard is in apparent conflict with the ALJ's other findings that Plaintiff (a) has the "severe [physical] impairments"[4] of right shoulder tendinitis and arthritis of the knees; and (b) "is unable to perform her past relevant work," which was light work.  The Court is left to wonder, how can it be that Plaintiff is unable to perform her previous light job as a cashier, yet able to perform a medium job such as baggage handler?  The ALJ's decision does not provide any explanation for these seemingly inconsistent findings.

Perhaps an answer, or a portion of an answer, may be found in the testimony of the Vocational Expert, upon which the ALJ

---

[4] "Severe impairment" is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

relied.  Unfortunately, though, the hearing transcript is incomplete.  Even the Government concedes, "the hearing transcript is not entirely clear and we do not definitively know on what basis the vocational expert concluded that Plaintiff could not return to her past work." [Gov't's Br., Dkt. No. 11, p. 15 n.3]  In the very next sentence, the Government then goes on to speculate, "[i]t could be that the ALJ found Plaintiff could not do her past work at the casino because, although a light job, there was significant contact with others – she testified there was a lot of tension between the managers and employees, including sexual harassment, persecution, and foul language that exacerbated her mental health due to a prior sexual assault.  What we do know is that the ALJ found in Plaintiff's favor at step four." [Id.]

This argument, however, only illustrates the Court's point: the reasoning that necessarily must have been integral to the ALJ's decision simply is not explained in the ALJ's decision, nor can it be found elsewhere in the record.

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014)(citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)); see also Stockett

v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016)("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'")(quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 123 (3d Cir. 2000))(Bumb, D.J.).  The Court cannot determine on the present record whether the ALJ's decision was supported by substantial evidence because it presently lacks the requisite access to the ALJ's reasoning.  It may well be the case that the ALJ will arrive at the same decision.  At this juncture, however, the ALJ must provide additional explanation for the decision.  As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.[5]

**ACCORDINGLY**, it is on this 22nd day of September, 2017,

   **ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

   **ORDERED** that the Clerk of Court shall close this case.


                                    ___s/ Renée Marie Bumb___
                                    RENÉE MARIE BUMB, U.S.D.J.

---

[5] In light of this disposition, the Court does not reach Plaintiff's additional argument that the ALJ "violated" Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000), and Social Security Ruling AR 01-1(3).